UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MEDIA MATTERS FOR AMERICA,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **FEDERAL TRADE COMMISSION, et al.,** ) <br> ) <br> Defendants. ) <br> ) | Case No. 25-cv-1959 (APM) |

## ORDER

Plaintiff Media Matters has designated this case as "related" to *Media Matters for America v. Paxton*, 24-cv-147 (APM), because it "involves common issues of fact" and "grows out of the same event or transaction" as *Paxton*. ECF No. 2; *see* LCvR 40.5(a)(3). Neither designation is appropriate.

"The common issues of fact test largely revolves around whether 'the Court will be required to make similar factual determinations in both cases.'" *Millard v. Gov't of Dist. of Columbia.*, No. 1:22-cv-2672 (RCL), 2023 WL 2301927, at *2 (D.D.C. Mar. 1, 2023) (quoting *Singh v. McConville*, 187 F. Supp. 3d 152, 156 (D.D.C. 2016)). Fundamentally, both *Paxton* and *Federal Trade Commission* center on the question why the defendant(s) initiated an investigation of Media Matters. Media Matters asserts in both that it was to retaliate against it for reporting on extremist content appearing on the platform X. Whether that is true or not will depend on the facts particular to each case. To succeed on a First Amendment retaliation claim, Media Matters must show: "(1) [it] engaged in conduct protected under the First Amendment; (2) the defendant took some retaliatory action sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again; and (3) a causal link between the exercise of a constitutional right and the adverse

action taken against him." *Aref v. Lynch*, 833 F.3d 242, 258 (D.C. Cir. 2016). Although the evidence to support the first element will be the same in both cases and the second will differ only slightly, the "causal link" evidence will involve little, if any, overlap. The evidence needed to prove that Paxton retaliated against Media Matters will differ from that needed to show that the Federal Trade Commission Defendants did the same. That difference in proof will comprise the bulk of the evidence and rest at the heart of each case. The two cases therefore do not "involve common issues of fact."

The "grows out of" inquiry leads to the same result. "Cases are not related under the outgrowth test simply because they involve the same defendant or similar topic areas." *Millard*, 2023 WL 2301927 at *3. "Rather, this prong is reserved for those situations where some event or transaction 'uniquely precipitated this action' in a manner that suggests judicial economy would be gained by the same judge presiding over both." *Id.* (citation omitted). Here, what "uniquely precipitated" each matter is not Media Matters' reporting on X, but the individual defendants' decision to investigate. Because of that uniqueness, this court's work in *Paxton* will not promote the kind of judicial efficiencies that would warrant related-case treatment of this case.

Accordingly, this matter is returned to the Calendar Committee for random reassignment.

Dated: June 25, 2025

Amit P. Mehta
United States District Judge