IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA,<br><br>                                             *Plaintiff*,<br><br>v.<br><br>FEDERAL TRADE COMMISSION, et al.,<br><br>                                             *Defendants*. | Civil Action No. 25-1959 (SLS) |

**DEFENDANTS' SUPPLEMENTAL BRIEF**

Defendants Federal Trade Commission (FTC), *et al.*, hereby respond to the Court's order to address *Hoffman Group, Inc. v. EPA*, 902 F.2d 567 (7th Cir. 1990), and *Block v. Community Nutrition Institute*, 467 U.S. 340 (1984).

The Seventh Circuit in *Hoffman* held that the Clean Water Act precluded judicial review of an administrative compliance order issued by the Environmental Protection Agency (EPA). 902 F.2d at 568. The court identified characteristics of the statutory scheme at issue there that are similar to those in the FTC Act's provision for judicial review of a Civil Investigative Demand (CID) in an enforcement action brought by the Commission in district court. *See id.* at 569. The court held that challenges to an agency's administrative action can be deferred by Congress to a separate district court proceeding initiated by the agency. *Id.* Thus, a court should respect those legislative judgments even when the statutory design precludes a pre-enforcement challenge and removes the timing of judicial review from the control of the recipient of the order or CID.

The *Hoffman* court explained that an EPA compliance order is not self-enforcing, and the recipient faces no penalties or sanctions until after a district court reviews and approves the order in an enforcement action brought by the EPA, where the recipient can raise any challenges to the order (including constitutional arguments, *see* 902 F.2d at 570). *Hoffman* held that where a statute

"provided a detailed mechanism for judicial consideration of a compliance order via an enforcement proceeding, Congress has impliedly precluded judicial review of a compliance order except in an enforcement proceeding" initiated by the agency. *Id.* at 569 (citing *Block*, 467 U.S. at 349).

The Seventh Circuit's reasoning in *Hoffman* demonstrates that a statute can create exclusive jurisdiction and channeling of judicial review to a subsequent judicial proceeding—without an intervening administrative proceeding—initiated at the discretion of the administrative agency. The court accepted that an administrative order that was not self-enforcing, followed by the potential for a district court action brought by the agency to enforce that order, provided meaningful judicial review. *See* 902 F.2d at 569 ("[S]ince the enforcement proceeding is the only forum for enjoining violations of the Act, Hoffman cannot be compelled to comply with the Compliance Order without an opportunity to challenge the Order's validity in court"). And *Hoffman* recognized that preclusive statutory schemes are not limited to those statutes where the channeling is to an administrative proceeding to be followed by judicial review initiated by the private party whose rights were adjudicated by the agency. *See id.* (Congress "chose not to make a compliance order judicially reviewable unless the EPA decides to bring a civil suit to enforce it.").

The same is true for the FTC Act's channeling of judicial review of a CID to the enforcement action brought by the Commission, precluding jurisdiction over a pre-enforcement collateral challenge to a CID. Indeed, the FTC Act provides an even stronger basis for concluding that Congress intended to preclude pre-enforcement challenges to a CID. The long history of courts rejecting pre-enforcement challenges to CIDs and subpoenas, dating back nearly a century, confirms the importance of that legislative judgment to provide exclusively for judicial review in an enforcement action. *See, e.g.*, *FTC v. Claire Furnace Co.*, 274 U.S. 160 (1927); *Gen. Fin. Corp.*

*v. FTC*, 700 F.2d 366 (7th Cir. 1983); *Bd. of Dental Exam'rs of Ala. v. FTC*, 519 F. Supp. 3d 1033 (N.D. Ala. 2021). Because an enforcement action will provide meaningful judicial review of the constitutional objections raised by the plaintiff, the Court should respect the judgment by Congress to preclude collateral, pre-enforcement challenges.

To illustrate the point that Congress can "impliedly preclude[]" pre-enforcement challenges to an agency action by specifying an agency enforcement action as the exclusive mechanism for judicial review, 902 F.2d at 569, *Hoffman* cited the Supreme Court's decision in *Block v. Community Nutrition Institute*, which held that a comprehensive statutory scheme implicitly precluded consumer suits by providing only for judicial review of agency orders by those entities authorized to participate in the agency's administrative process. *See Block*, 467 U.S. at 346-48. Allowing consumer suits "would severely disrupt this complex and delicate administrative scheme." *Id.* at 348; *see also id.* at 352 ("Consumer suits would undermine the congressional preference for administrative remedies and provide a mechanism for disrupting administration of the congressional scheme."). *Block* explained that "whenever the congressional intent to preclude judicial review is fairly discernible in the statutory scheme," that intent overcomes the presumption favoring judicial review. *Id.* at 351 (cleaned up). The Supreme Court in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), also cited *Block* to support the Court's holding that Congress can create an exclusive jurisdictional scheme in a statute by providing a specific mechanism for judicial review, thereby precluding premature challenges to agency action, including constitutional arguments. *Id.* at 207. Although *Block* analyzed the preclusion question in terms of the cause of action under the Administrative Procedure Act (APA), 5 U.S.C. § 704, the Court in *Thunder Basin* recognized that *Block* serves to illustrate another example of a comprehensive statutory scheme in which Congress, by specifying certain mechanisms for judicial review, precluded others.

3

Several years after *Hoffman*, the Supreme Court held that an EPA administrative compliance order is a final agency action, reviewable under the APA, and that the Clean Water Act does not preclude APA review. *See Sackett v. EPA*, 566 U.S. 120 (2012). The Court in *Sackett* emphasized that the APA "creates a 'presumption favoring judicial review of administrative action,'" and framed its analysis in terms of determining whether the APA's presumption was overcome by the statutory scheme of the Clean Water Act. *Id.* at 128 (quoting *Block*, 467 U.S. at 349). That focus on the APA confirms that *Sackett* does not affect this case because plaintiff does not dispute that the FTC's issuance of a CID is not final agency action, and has disavowed reliance on an APA cause of action. *See* ECF_28 at 10 n.2 (Media Matters "brings no claims under the APA"). *Sackett* also leaves the reasoning of *Hoffman* untouched except in cases where the APA presumption of judicial review applies and that statute provides a cause of action. The Seventh Circuit's decision thus remains a persuasive explanation of the principle that, for purposes of exclusive jurisdiction, there is no requirement that every conceivable harm be remediable by a pre-enforcement challenge where meaningful judicial review is available in a later district court enforcement action initiated by the agency.

*   *   *

Dated: August 14, 2025
       Washington, D.C.

Respectfully submitted,

OF COUNSEL:

DANIEL GUARNERA
*Director*

KELSE MOEN
*Deputy Director*

GEOFFREY GREEN
*Assistant Director*

BUREAU OF COMPETITION

LUCAS CROSLOW (D.C. Bar #1048342)
*General Counsel*

H. THOMAS BYRON III (D.C. Bar #442856)
*Deputy General Counsel*

ALEX POTAPOV (D.C. Bar #998355)
*Deputy General Counsel*

/s/ Imad Abyad
IMAD D. ABYAD (D.C. Bar #456392)
*Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580
(202) 326-3579
iabyad@ftc.gov

*Attorneys for the Defendants*