UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MEDIA MATTERS FOR AMERICA,

*Plaintiff*,

v.

FEDERAL TRADE COMMISSION, *et al.*,

*Defendants*.

Civil Action No. 25‑1959 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

On August 15, 2025, this Court preliminarily enjoined the Defendants from implementing or enforcing a civil investigative demand (CID) issued by the Federal Trade Commission (FTC) to the Plaintiff on May 20, 2025, and modified on July 7, 2025. ECF No. 35. The Defendants appealed the Court's decision, ECF No. 36, and they now move to stay the Court's order pending appeal, ECF No. 37. For the reasons explained below, the Court denies the Defendants' motion.

## LEGAL STANDARD

"A stay pending appeal is an extraordinary remedy." *M.M.V. v. Barr*, 459 F. Supp. 3d 1, 4 (D.D.C. 2020) (citing *Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985)). "It is 'an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right.'" *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). "It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433 (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

Courts must consider four factors in connection with a stay motion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 433 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). For the first factor, the D.C. Circuit has said that the chance of success on the merits must be "substantial." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). Failure to satisfy this standard is "an arguably fatal flaw for a stay application." *Citizens for Resp. & Ethics in Wash. v. FEC*, 904 F.3d 1014, 1019 (D.C. Cir. 2018) (per curiam). For the second factor, "[w]here there is a low likelihood of success on the merits, a movant must show a proportionally greater irreparable injury[.]" *M.M.V.*, 459 F. Supp. 3d at 4 (citing *Cuomo*, 772 F.2d at 974). And the final two factors "merge when the Government is the opposing party." *Id.* (quoting *Nken*, 556 U.S. at 435).

## DISCUSSION

The Defendants fall well short of satisfying the high burden needed for a stay pending appeal. The Court is not convinced that they are likely to succeed on the merits, that they will be irreparably injured absent a stay, or that the balance of equities favors a stay.

### A.   Likelihood of Success on the Merits

For all of the reasons explained in the Court's preliminary injunction opinion, Mem. Op., ECF No. 34, the Defendants cannot show a substantial likelihood of success on the merits. The Parties' briefing at the preliminary injunction stage was robust. *See* Pl.'s Mot. Prelim. Inj., ECF No. 22; Defs.' Opp'n Mot. Prelim. Inj., ECF No. 27; Pl.'s Reply Supp. Mot. Prelim. Inj., ECF No. 28; Pl.'s Suppl. Mem., ECF No. 31; Defs.' Mem., ECF No. 33. And the Court carefully considered

the arguments on both sides before concluding that the Plaintiff is likely to succeed on the merits of its First Amendment claim.

In urging the Court to grant a stay, the Defendants do no more than recycle arguments advanced in their prior briefing. Mot. to Stay at 3–4; Reply Supp. Mot. to Stay, ECF No. 40. Indeed, they acknowledge that the Court has already "considered and rejected [their] arguments." Mot. to Stay at 4. Nothing has changed. The Court continues to find the Defendants' arguments on the merits wholly unpersuasive. And this inability to show a "substantial" likelihood of success on the merits is "an arguably fatal flaw" for the Defendants' stay application." *Citizens for Resp. & Ethics in Wash.*, 904 F.3d at 1019.

### B.  Irreparable Injury and the Balance of Equities

Given the low likelihood of success on the merits, the Defendants "must show a proportionally greater irreparable injury" to justify a stay. *M.M.V.*, 459 F. Supp. 3d at 4 (citing *Cuomo*, 772 F.2d at 974). They have not done so here. And they have not shown that the remaining equities favor a stay.

The Defendants principally rely on two cases for the proposition that a court may grant a stay without changing its mind on the merits. In *Holiday Tours*, the D.C. Circuit affirmed a district court's decision to stay the entry of a permanent injunction that restrained "Holiday Tours from operating a motor coach sightseeing service without a certificate of public convenience and necessity." 559 F.2d at 842. The court found that while Holiday Tours had not shown it was "likely to prevail on the merits of its appeal," there was a "serious legal question" presented, and the other three factors "clearly favored" a stay. *Id.* at 843–44. Specifically, the court found irreparable injury because Holiday Tours would be "destr[oyed] in its current form as a provider of bus tours." *Id.* at

3

843. By contrast, imposition of a stay pending appeal was unlikely to "result in substantial harm" to the other party (the Transit Commission) or to other tour bus operators. *Id.*

In *Mahoney v. United States Capitol Police Board*, the district court similarly stayed a permanent injunction pending appeal where a "serious legal question" was presented and "the other factors strongly favor[ed] a stay." No. 21-2314, 2024 WL 4502225, at *2 (D.D.C. Oct. 16, 2024). There, the Court had enjoined the Capitol Police from enforcing a regulation that prohibited demonstration activity at the base of the Capitol's eastern steps, finding that the "near-total demonstration ban" violated the First Amendment. *Id.* at *1. The Police Board sought a stay of the injunction but "only as to nonparties and only until the Inauguration of the President in January 2025." *Id.* In granting the stay, the court credited the Police Board's argument that enforcement of the injunction "between the election and the Inauguration" "create[d] a substantial risk of serious harm to the Capitol and those who work inside it"—especially in light of the events of January 6, 2021. *Id.* at *2–3. And while the potential harm to the plaintiff from being temporarily prevented "from demonstrating with large groups" or having to "identify himself [to Capitol Police] when conducting demonstrations" was comparatively minimal, the public's interest in "avoiding harm to the Capitol and the surrounding grounds" was significant. *Id.* at *3.

Here, the Defendants have not comparably demonstrated that they will suffer irreparable injury or that the other equities weigh in favor of a stay. To the contrary, these cases highlight considerations that are glaringly absent in this case.

*First,* the Defendants have identified no irreparable injury whatsoever. An irreparable injury that is sufficient to support a stay is one that is "great," "imminen[t]," "actual not theoretical," and "beyond remediation." *Mahoney*, 2024 WL 4502225, at *2 (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). The crux of the

4

Defendants' argument is that enforcement of the injunction will impede the FTC's investigation into whether certain advertisers may have "unlawfully agreed to coordinate the placement of ads" away from "certain news outlets, publishers, and platforms." Mot. to Stay at 1–3. But as the Defendants themselves highlighted at the preliminary injunction stage, the CID issued to Media Matters is only one of seventeen issued by the FTC as part of its broad investigation. The Defendants have yet to explain "*why* they have 'reason to believe'" that Media Matters specifically has information relevant to their investigation. *See* Mem. Op. at 45. And they certainly do not explain why Media Matters is likely to be in *sole* possession of any relevant information. Nor do they explain how a delay in enforcement of this CID to Media Matters, should they ultimately prevail on appeal, will irreparably harm their investigation.[1]

The Defendants' other alleged injuries—*e.g.*, that the injunction may "embolden other CID recipients . . . to bring collateral challenges to [the FTC's] investigative authority," Def. Mot. at 5, and that "impeding" the FTC's investigation "even in part subjects the FTC and the public as a whole to severe and irreparable harm," Reply Supp. Mot. to Stay 1–2—are even more speculative. They do not threaten to "destr[oy]" the Defendants, like the movant in *Holiday Tours*, 559 F.2d at 843, or represent a "substantial risk of serious harm," as shown by the movant in *Mahoney*, 2024 WL 4502225, at *2. To the contrary, they are ill-defined, theoretical harms that do not warrant the "extraordinary remedy" of a stay. *M.M.V.*, 459 F. Supp. 3d at 4.

*Second,* the Defendants have not established that issuance of a stay would not substantially injure Media Matters or otherwise harm the public interest. *See Holiday Tours*, 559 F.2d at 843

---

[1] The Court recognizes that the FTC's purported purpose in issuing the CID is to "identify what information Media Matters has" and thus it cannot be expected at this stage to "identify precisely what unique information [Media Matters] possesses." Reply Supp. Mot to Stay 1–2. Nonetheless, it is the Defendants' burden at this stage to demonstrate irreparable injury absent a stay and they have not explained the urgency to obtain the requested information now.

(permitting the movant to continue operating its motor coach sightseeing service without the required certificate would do no meaningful harm to the Commission or to other tour bus operators while the movant's appeal was decided); *Mahoney*, 2024 WL 4502225, at *3 (limiting the plaintiff "from demonstrating with large groups" was a de minimis harm when he had "asserted that his principal aim" was to "hold small vigils"). In fact, it is clear that a stay would cause significant harm to Media Matters and the public at large. In granting preliminary injunctive relief, the Court found that Media Matters is likely to show that the FTC's issuance of the CID was a retaliatory act in response to Media Matters engaging in protected First Amendment activities. Mem. Op. 32–45. Staying the Court's injunction for the very purpose of permitting the Government to continue an unlawful investigation into an organization engaged in constitutionally protected speech would undoubtedly cause irreparable injury. *See Media Matters for Am. v. Paxton*, 138 F.4th 563, 585 (D.C. Cir. 2025) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016)); *see also* Mem. Op. 46–47. And it would risk undermining the very foundations of our democracy. That is not in the public's interest.

## CONCLUSION

For the foregoing reasons, the Court denies the Defendants' Motion for Stay Pending Appeal and Administrative Stay, ECF No. 37.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   August 22, 2025